(118 App. Div. 61)

### MURPHY v. MURPHY.

(Supreme Court. Appellate Division, First Department. March 8, 1907.)

1. WILLS—CONTRACTS TO DEVISE—EVIDENCE—SUFFICIENCY.

In an action against an administrator to recover under a contract whereby the intestate contracted to leave plaintiff a legacy for personal services and moneys advanced to the intestate, evidence examined, and *held* insufficient to establish the agreement.

2. SAME.

The testimony of a witness, in an action against an administrator to recover on a contract, whereby the intestate agreed to leave plaintiff a legacy for services, that the intestate stated to the witness that she had promised plaintiff a specified sum, as plaintiff was the only one who would take care of her, *held* insufficient to establish an enforceable contract.

Patterson, P. J., and Lambert, J., dissenting.

Appeal from Trial Term, New York County.

Action by Mary Murphy against Daniel P. Murphy, as administrator of Ellen Moran, deceased. From a judgment dismissing the complaint entered on a nonsuit directed at the close of plaintiff's case, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

William J. Bogenshutz, for appellant.
Francis J. Hogan (John McGrahon, on the brief), for respondent.

LAUGHLIN, J. The plaintiff alleged that she performed certain household services for the decedent and furnished her board and household necessaries, and advanced moneys to her at the request of the decedent, and upon her promise to pay the plaintiff the sum of $5,000 therefor, by making a provision in her will for the payment thereof, but that the decedent died intestate, and judgment is demanded for the sum of $5,000 upon the contract to pay that sum for the services, board, and necessaries furnished, and moneys so advanced.

Plaintiff and decedent were cousins, but they did not live together. Upon the trial the plaintiff gave evidence tending to show that during a number of years she, from time to time, performed services for the decedent at the latter's apartment, and that the decedent quite regularly came to plaintiff's apartment and took breakfast with her, but she offered no evidence of the value of the services or board thus furnished, other than evidence of declarations by the decedent tending to show that she intended at her death to leave the plaintiff $5,000, or all of her property, in consideration for the services rendered, and for plaintiff's attention and kindness to her. It is not alleged that $5,000 was the reasonable value of the services rendered, board furnished, necessaries provided, and money advanced, and plaintiff did not claim to be entitled to recover on a quantum meruit.

Although in an action to recover on an express contract to pay a specified amount for services a recovery may be had on a quantum meruit, it is not at all clear that that rule would apply in this case. The basis of this cause of action is an express contract by the decedent to leave the plaintiff a legacy of $5,000 for services rendered, regardless of the extent or value thereof. It would seem, therefore, that the judgment herein would not be a bar to an action by the plaintiff for the value of the services rendered and board furnished, especially as the complaint is merely dismissed at the close of plaintiff's case, and the judgment does not purport to be a dismissal on the merits. We are impressed by the evidence that some of the services at least were rendered under circumstances which would entitle the plaintiff to recover the reasonable value thereof. The nonsuit was apparently granted upon the ground that the plaintiff failed to show that the services were rendered pursuant to an agreement between the plaintiff and the decedent that the plaintiff was to be compensated therefor by a legacy of $5,000, to be provided for in the will of the decedent. The preponderance of the evidence offered by plaintiff merely shows that the decedent contemplated making some suitable provision in her will to show her appreciation of the plaintiff's interest in her welfare, as manifested by devoted attention and companionship and for services as well. At different times the decedent expressed to third parties her obligations to the plaintiff, and stated in effect that, although only a cousin, she was more considerate than other cousins and relatives nearer in blood, and, in fact, that she was the only one who administered to decedent's wants and contributed to her comfort. On some occasions she stated that she intended to leave the plaintiff $5,000, and on others she expressed an intention of leaving all her estate to the plaintiff. Only one witness called by the plaintiff gave testimony indicating that possibly the services were performed under an agreement that the plaintiff was to receive a legacy of $5,000 therefor. This witness was Catherine Maher, who lived with the plaintiff and was her friend. The testimony of the witness shows that the conversation took place at the home of the decedent about 2½ years prior to her death. She testified that the decedent "told her that she had already promised Mary Murphy $5,000 for seeing to her and taking care of her and doing her work," and that the plaintiff was present at all conversations which

she had with the decedent. The version she gave of this conversation on cross-examination was as follows:

"Mrs. Moran told me that Mary Murphy was her old friend, the only one, the only cousin, or the only friend that would see to her and would take care of her, done her work, and she had promised her $5,000. That is what Ellen Moran told me. She had promised Mary Murphy $5,000."

This evidence was inconsistent with the other evidence offered by the plaintiff, which did not point to a promise made by the decedent to the plaintiff, but merely to the fact that the decedent intended to make some provision in her will for the benefit of the plaintiff. Moreover, the evidence of this witness, even if it were not inconsistent with the other testimony offered in her behalf, would not warrant a recovery, and the court was justified in declining to submit it to the jury. It does not show that the services to which reference was made were past or future services. If past services, the promise would be without consideration beyond the value of the services actually rendered. If it related to services to be rendered in the future, it is altogether too indefinite to afford a basis for a cause of action. Sufficient facts are not shown to enable the court and jury to determine whether or not the plaintiff accepted the promise and rendered the services in reliance thereon, or whether or not the services contemplated to be rendered were, in fact, fully rendered in accordance with the intention of the parties.

It follows, therefore, that the judgment should be affirmed, with costs.

HOUGHTON and SCOTT, JJ., concur. PATTERSON, P. J., and LAMBERT, J., dissent.